UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LAYTHANIEL HANEY, JR. ) | |
| ) | |
| v. ) | NO. 2:06-CV-252 |
| ) | |
| DR. DANIEL PAUL and COCKE ) | |
| COUNTY ANNEX ) | |

## MEMORANDUM and ORDER

Plaintiff Laythaniel Haney, Jr. filed this *pro se* civil rights action under 42 U.S.C. § 1983 while he was confined in the Cocke County Annex, alleging that defendants denied him medical care in violation of his constitutional rights. His application to proceed without prepayment of fees is **GRANTED**.

In his complaint, plaintiff states that, when he entered the Cocke County Jail on May 16, 2006, he reported to the booking officer that he suffered from a broken hand and that his ankle was either broken or that he had torn ligaments in it. Plaintiff was advised to fill out a medical request to see the doctor; he did so and was seen by the nurse, Mrs. Overholt. She contacted defendant Dr. Daniel Paul to have him view plaintiff's hand and, possibly, set it. Defendant doctor never came to work.

Plaintiff filed a grievance complaining about the lack of medical attention and, on the ninth day of his incarceration, was taken to the hospital, where X-rays were

taken of his hand. A nurse at the hospital told him that no request had been made to X-ray his ankle, so he asked the nurse—presumably, Mrs. Overholt—about his ankle the next time he saw her. She looked at plaintiff's ankle and responded that she would speak again with the doctor about getting it checked. Defendant doctor was supposed to come [to the jail?] to examine plaintiff's ankle, but never came.

The results of the X-rays showed that plaintiff's left hand was crushed and in need of reconstructive surgery. Nevertheless, absent defendant doctor's instructions, the nurse could not do anything. Consequently, Mrs. Bonnie Miller, an employee of the Cocke County Sheriff's Department [*see* Doc. 5, certification], went to a judge and secured a pass for plaintiff to set up a medical appointment. However, because his family had to pay for this and because plaintiff has no insurance and could not raise the $300 for the office visit, he received no medical attention. Plaintiff was given no further treatment for his hand, and his ankle was never examined to determine whether it was broken or had torn ligaments in it.

About one month after his confinement began, plaintiff brought this suit, seeking compensatory damages for pain and suffering and for present and future medical expenses. Plaintiff also requests that defendant doctor resign from his medical position with the Cocke County Annex.

Cases filed *in forma pauperis*, such as this one, must be screened under 28 U.S.C. § 1915(e)(2), *see McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997),

2

and must be dismissed at any time the Court determines that the case fails to state a claim upon which relief can be granted. The Court has determined that, based upon the following law and analysis, plaintiff has failed to state a claim against the two defendants.

1. **Claims against the Cocke County Annex**

The second defendant named in the complaint is the Cocke County Annex. This defendant, however, is a non-suable entity because it is a building and not a "person" subject to suit within the meaning of § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, **1 (6th Cir. May 1, 1997).

2. **Claims against Dr. Daniel Paul**

The complaint does not indicate whether defendant doctor is being sued in his official capacity, individual capacity, or both. Although it is preferable that a plaintiff explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual.

Instructive in this regard is *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001). In that case, the caption on the complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the

3

City . . .;" and plaintiff sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.,* at 774. However, the Sixth Circuit ruled that plaintiff's "response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Id.*, at 773, 774.

The instant complaint is not analogous to the complaint in *Moore*. Here, plaintiff did not specify in his complaint that he was suing defendant doctor as an individual, rather than in his official capacity. Indeed, defendant is identified in the style of the case as "Dr. Daniel Paul" and his business address is listed as 358 E. Main Street in Newport, Tennessee 37821—the address of the Cocke County Jail. Also, attached to the complaint are several documents, one of which explains that plaintiff is "suing the Doctor of Cocke Co. Annex for his failure to provide [him] with adequate medical attention which is his responsibility." In another document, plaintiff reiterates that "[t]he doctor assigned to care for the needs of inmates severing [sic] time in the annex has failed to give proper medical attention to numerous people " and that "since the time of his employment, the doctor has shown up for work approximately (3) three times and is on salary for app. 175,000 a year." Though plaintiff seeks monetary damages for pain and suffering and for medical expenses, and though the request for monetary damages

4

is one factor which might place an individual on notice of an individual capacity suit, that alone is insufficient to place an official on notice that he is being sued in his individual capacity. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002) (interpreting *Moore*). The Court concludes that the complaint fails to indicate that defendant doctor is being sued in his individual capacity

Because the complaint fails to clearly signal that defendant doctor is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as the Cocke County Annex's physician. *Moore*, 272 F.3d at 772; *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir.), *cert. denied,* 502 U.S. 883 (1991) (citing *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989)). Claims against a defendant in his official capacity is treated as being an action against the governmental entity he represents. *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio,* 953 F.2d 232, 237 (6th Cir. 1992).

In order to prevail against a municipal defendant, such as Cocke County, plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by the County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978). More specifically, plaintiff must show first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity—in this case, Cocke County—caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120

5

(1992); *Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir. 1993) (explaining that *Monell* requires a plaintiff to "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy"((internal quotation marks omitted).

Here, plaintiff does not allege the existence of any policy or custom on the part of the Cocke County that directly caused him to be denied his constitutional right to adequate medical care while confined. Accordingly, he has failed to state a claim against defendant in his official capacity as the physician responsible for rendering care to nmates at the Cocke County Annex. For this reason, the complaint will be **DISMISSED** *sua sponte*. 28 U.S.C. §1915(e)(2)(B)(ii).

A separate order will enter.


**ENTER**:


s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE